

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 5, 1992

Honorable Mike Driscoll
Harris County District Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-174

Re: Authority of county clerk to charge fees under section 31.008, Civil Practice and Remedies Code, and related questions (RQ-171)

Dear Mr. Driscoll:

You ask three questions regarding section 31.008 of the Civil Practice and Remedies Code. Section 31.008 was enacted by the 72d Legislature and governs the payment of judgments unclaimed by the prevailing party. It authorizes a judgment debtor, upon compliance with its notice requirements, to pay to the court rendering a judgment the amount owed under the judgment when the debtor does not know the location of the judgment creditor. Civ. Prac. & Rem. Code § 31.008(a).[1] The amount paid to the court and the interest earned on this amount is held by the court in trust for the judgment creditor and is deposited by the clerk of the court in the clerk's trust fund account. Id. § 31.008(c), (d). The funds held in the clerk's trust fund account are subject to escheat under chapter 72 of the Property Code, and the clerk is entitled to presume that the funds are payable to the judgment creditor unless the clerk is provided a written assignment of the judgment. Id. § 31.008(d), (e). In conjunction with the payment of the judgment, section 31.008 requires the judgment debtor to prepare a "recordable release of the judgment." Id. § 31.008(a). The judge or clerk of the court shall then execute a release of the judgment on behalf of the debtor and issue the release to the debtor. Id.

---

[1]Section 31.008 defines "judgment debtor" as a party against whom a judgment is rendered and "judgment creditor" as the party in whose favor a judgment has been rendered, whether the party is a plaintiff, counterclaimant, cross-claimant, third party plaintiff, or other judgment creditor. Civ. Prac. & Rem. Code § 31.008(f).

You ask whether a county clerk may, at the time of filing, charge a filing fee for the release of judgment executed pursuant to section 31.008. You also ask whether the release of judgment should be filed in the court file as well as real property records. Finally, you ask whether the county clerk may collect the $50 fee authorized by section 117.055 of the Local Government Code when funds are paid into the clerk's trust fund pursuant to section 31.008.

In your letter requesting this opinion you note that the amount of filing fees a county clerk is entitled to collect is governed by section 118.052 of the Local Government Code. This provision prescribes a schedule for fees a county clerk is elsewhere authorized to charge for services rendered in connection with civil cases in county courts. The fees are divided by subject -- "civil court actions," "probate court actions," and "other fees." Local Gov't Code § 118.052. Fees in civil court actions are subcategorized as fees for filing of original actions, for filing of actions other than original, and for services rendered after judgment in original actions. *Id.* § 118.052(1)(A) - (C). You conclude that none of the subcategories would appear applicable to the execution of a release under section 31.008 of the Civil Practice and Remedies Code. We agree.

The fee collected by a county clerk for filing of an original action under section 118.052 is intended to cover "all clerical duties in connection with an original action filed in a county civil court. Local Gov't Code § 118.053(a).[2] Attorney General Opinion H-754 (1975) concluded that except for additional fees allowed for specifically enumerated matters (which are now encompassed by sections 118.052 and sections referenced therein), a county clerk may make only the one-time charge authorized by the predecessor to section 118.053 for the rendition of all services in connection with an original action. The procedure authorized by section 31.008 of the Civil Practice and Remedies Code is not an original or separate cause of action, but is merely derivative of the original action on the underlying debt. Consequently, the clerk may not charge a filing fee under this provision.

---

[2]The term "action" is not defined by section 118.052, but the phrase "original action" includes for purposes of this provision an appeal from a justice of the peace or the transfer of an action from another court. *Id.* § 118.053(d). The statutory predecessor to section 118.053 required a fee for the filing of "each original cause or suit" and "other causes of action" in a county civil court. *See* V.T.C.S. art. 3930(b), subdiv. A(1)(a)(i) (repealed 1987).

The fee for filing an action other than original applies to the filing of each "interpleading, cross action, or action other than an original action."[3] As noted above, we believe the procedure authorized by section 31.008 is derivative of an original cause of action. It does not involve the assertion of a claim against the judgment creditor. Thus, we do not believe this fee is applicable to the procedure outlined in section 31.008.

The title and description of the last fee, "Services Rendered After Judgment in Original Action," would appear to include services of the county clerk rendered in connection with section 31.008. *See* Local Gov't Code § 118.0545(a) (fee is for services rendered after judgment in an original action filed in county civil court). However, the legislature has authorized the county clerk to collect a fee only with regard to particular legal instruments -- specifically, abstracts of judgment, executions, orders of sale, writs or other process. *Id.* §§ 118.052(1)(C)(i), (ii); *see also id.* § 118.123 (similar fees allowed justices of the peace). No fee is authorized for post-judgment services rendered pursuant to section 31.008.[4]

You suggest that the clerk may be entitled to a fee under section 118.011 of the Local Government Code, which authorizes the clerk to charge "reasonable fees for performing other duties prescribed or authorized by statute" and for which a fee is not prescribed by subchapter B of chapter 118. *Id.* § 118.011(c). Attorney General Opinion H-43 (1973) concluded that the statutory predecessor to this provision applied only to the noncourt aspects of the county clerk's official duties and had no application to the clerk's performance of court-related services. Consequently, the county clerk may not charge a fee under section 118.011(c) for services rendered in connection with section 31.008 proceedings.

Your second question is whether the release of judgment obtained pursuant to section 31.008 must be filed in the court file as well as the real property records of the county. Section 31.008 states only that the release be "recordable." It neither

---

[3]The term "interpleading" most likely refers to a pleading submitted by a party seeking to join as defendants in a civil action any persons having a claim against a plaintiff in a civil case. *See* Tex. R. Civ. P. 43. "Cross action" most likely refers to a pleading filed by a defendant exposed to similar liability. *Id.*

[4]Section 118.052 of the Local Government Code also prescribes fees for probate court actions and "other fees." *Id.* § 118.052, subdiv. (3). The first subcategory obviously does not apply, and none of the enumerated "other fees" would appear to encompass the services in question.

requires nor prohibits filing in the court file. We agree with your conclusion that it is not the clerk's responsibility under section 31.008 to determine whether the release should be recorded or filed in the court file. We do not address the clerk's duty to take official action with regard to a section 31.008 release pursuant to other laws or rules of procedure. *See, e.g.,* Local Gov't Code § 193.004 (county clerk shall maintain index of judgments); Tex. R. Civ. P. 25 (clerk shall keep a file docket which must show, *inter alia,* all subsequent proceedings in a case).

Your final question is in two parts. First, you ask whether the county is entitled to the fee specified in section 117.055 of the Local Government Code to compensate the county for "accounting and administrative expenses incurred in handling trust funds for the benefit of litigants in civil proceedings." Local Gov't Code § 117.055(a). Next, you ask whether the county clerk may collect the fee at the time the funds are deposited in the trust fund.

Funds paid to the court under section 31.008 are received on behalf of judgment creditors and thus are held for the benefit of litigants in civil proceedings. They are expressly designated as trust funds. Civ. Prac. & Rem. Code § 31.008(d); *see also* Attorney General Opinion H-183 (1973) ("trust funds" for purposes of statutory predecessor to section 117.055 includes money deposited in court to satisfy or await result of a legal proceeding). They are deposited in the clerk's trust fund and are paid out by the clerk. Civ. Prac. & Rem. Code § 31.008(d). Trust funds are deposited in the county depository. Local Gov't Code § 117.052(a). Thus, the county provides services in the handling of funds paid pursuant to section 31.008 for which it is likely to incur expenses. The county therefore is entitled to the fee authorized by section 117.055 to compensate the county for accounting or administrative expenses so incurred.

With respect to the time at which the fee may be collected, Attorney General Opinions JM-1162 (1990) and JM-434 (1986) concluded that the expense of handling a trust fund must have been incurred prior to the assessment of costs under section 117.055. Because section 117.055 provides that costs are assessed against either the nonprevailing party or the party designated by the court, the assessment must necessarily await the outcome of the litigation. Attorney General Opinion JM-434 at 3. In our opinion, the county will not, at the time of deposit of funds in the county clerk's trust fund pursuant to section 31.008, have incurred any expense in connection with the handling of the funds. Consequently, it will not be entitled to compensation under section 117.055 at that time.

## S U M M A R Y

The county clerk may not charge a filing fee for the rendition of clerical services in connection with the execution or preparation of a release of judgment pursuant to section 31.008 of the Civil Practices and Remedies Code. Section 31.008 neither requires nor prohibits the filing of the release of judgment in the court file for the particular case. The county is entitled to the fee authorized by section 117.055 of the Local Government Code for accounting and administrative expenses incurred in handling funds deposited in the county clerk's trust fund pursuant to section 31.008. It may not collect the fee at the time the funds are paid to the court.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragón
Assistant Attorney General